In the Matter of DONALD E. WAGGONER, Respondent, against JOHN EVERTS et al., Constituting the Columbia County Board of Canvassers, et al., Appellants.

JOHN J. ROGERS, Intervener, Appellant.

Third Department, March 6, 1946.

*John J. Scully* for respondent.

*Abram Miner,* attorney for appellants.

*Thomas B. Kennedy* for intervener, appellant.

*Per Curiam.* At the general election on November 6, 1945, petitioner, Donald E. Waggoner, was a candidate for City Supervisor in the third ward of the city of Hudson, New York on the Democratic and American Labor parties' tickets, and intervener

John J. Rogers opposed him on the ticket of the Republican party. As a result of the canvass of all votes cast in the two election districts of said ward the votes for the two candidates were tied, each having received a total of 425 votes, and this result was duly returned by and to the proper election officials.

In the first district of another ward of the city, the fifth (wherein neither Waggoner nor Rogers was a candidate), it is shown that in the canvass there of war ballots (evidently, domestic war ballots) one of them was found to be a ballot which had been designed and printed for voting in the second district of the third ward, and it had been marked by someone as a vote for Waggoner as City Supervisor. This ballot had been duly extracted from its required casing or envelope which bore the name of, and other required data concerning, a duly registered and qualified soldier-elector of said first election district of the fifth ward. It was omitted from the count as to any votes in the district where it was found, and the inspectors of election enclosed it in an envelope by itself and delivered it to the Board of Elections of the county as a void ballot. The order under review directs the bipartisan committee, appointed by the Board of Elections under section 273-a of the Election Law, to reconvene and canvass and count the aforesaid ballot as a vote cast for City Supervisor in the second district of the third ward. The cause of this ballot having thus been misplaced, strayed and found as aforesaid after its extraction from a war ballot envelope of the fifth ward (first district) elector does not appear. Different and opposing inferences can be drawn, but they are necessarily conjectural and of equal plausibility. It is also shown, and not disputed, that a fifth ward ballot, marked as though it had been voted by an elector, was found under the same circumstances in the second district of the third ward. It was omitted from the count of votes there and no matter concerning it is before us. Whether some clerk initiated the error in the delivery of ballots and envelopes to the soldiers who voted them, or whether the soldiers themselves or unknown parties were responsible for the misplacing of them as to their proper envelopes, does not appear and doubtless cannot now be known. The affidavit of Florence M. Soule, senior clerk of the County Board of Elections, and employed there for twenty-five years, negatives the inference that the error originated in the delivery of the war ballots and envelopes to the electors. The marking of such ballot and its enclosure in the accompanying envelope was presumptively done by the soldier-elector himself. Such method is required (Election Law, § 307) and the personal act

of the voter only, would insure the secrecy of the ballot. The ballot's proper enclosure in the required envelope is an act of voting. If done improperly and in manner disclosed it voids the act. It is impossible to tell whether a duly qualified elector voted the ballot which thus went astray, and at any and in all events it was neither properly voted nor cast in the required district. It may not be canvassed and counted as a vote in the district where it was not cast. (*People ex rel. Nichols* v. *Bd. Canvassers,* 129 N. Y. 395.)

The order should be reversed, without costs.

All concur.

Order reversed, without costs.